# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00095-MR

| | |
|---|---|
| **TRACEY TERRELL GRADY,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| **B.S., et al.,** | )     **ORDER**<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion to Compel Discovery [Doc. 32] and Motion to Appoint Counsel [Doc. 35].

*Pro se* Plaintiff, who currently is an inmate at the Union County Jail, has filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on excessive force and retaliation claims against two Monroe Police Department ("MPD") officers and an MPD sergeant. [Doc. 21]. The Defendants filed an Answer, and discovery is underway. [See Doc. 30].

In his Motion to Appoint Counsel, the Plaintiff asks the Court to appoint North Carolina Prisoner Legal Services ("NCPLS") to assist him with discovery. [Doc. 35]. The Plaintiff notes that he is in jail with limited resources and limited access to the materials he needs to litigate this case.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances, and therefore, his request for the appointment of counsel is denied.

To the extent that the Plaintiff expressly requests the appointment of NCPLS, he does not qualify for such assistance. This Court's Standing Order, 3:19-mc-00060-FDW, provides for the appointment of NCPLS to assist state prisoners with discovery in civil rights suits against "current and former employees of [NCDPS]…." [3:19-mc-00060-FDW, Doc. 1 at 1]. The Plaintiff is a prisoner at the Monroe County Jail, and the Defendants are MPD police officers, not employees of NCDPS. Therefore, he does not qualify for the appointment of NCPLS under the Standing Order.

The Plaintiff's Motion to Compel appears to be, at least in part, a discovery request that was misdirected to the Court. [Doc. 34]. To the extent that the Plaintiff's Motion is a discovery request, he failed to properly serve the Defendants with that request prior to filing his Motion to Compel. Additionally, the Plaintiff failed to confer with the Defendants' counsel before

filing his Motion to Compel. Finally, to the extent that the Plaintiff has previously served discovery requests on the Defendants, the time for responding to such requests has not yet expired. As such, his Motion to Compel is premature. For all these reasons, the Plaintiff's Motion to Compel is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel Discovery [Doc. 32] and Motion to Appoint Counsel [Doc. 35] are **DENIED**.

**IT IS SO ORDERED**.

Signed: May 3, 2021

Martin Reidinger
Chief United States District Judge