IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00095-MR

| | |
|---|---|
| TRACEY TERRELL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| B.S., et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* "Motion to Legally Amend, and Refile, Motion to Compel, Discovery Demand, and Appeal of Order…." [Doc. 38].

*Pro se* Plaintiff, who currently is an inmate at the Union County Jail, has filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on excessive force and retaliation claims against two Monroe Police Department ("MPD") officers and an MPD sergeant. [Doc. 21]. The Defendants filed an Answer, and discovery is underway. [See Doc. 30].

The Plaintiff previously filed a Motion to Compel [Doc. 32] that was denied on May 3, 2021 because, *inter alia,* it misdirected discovery requests to the Court and the Plaintiff had failed to properly serve defense counsel with his discovery requests. [Doc. 36].

In the instant Motion, the Plaintiff seeks reconsideration of the Court's May 3 Order. He appears to argue that: he did not receive from the Court "a Legal copy of the Standing Order from Jail staff" and he timely served "Legal Notice" of the Motion to Compel on defense counsel. [Doc. 38 at 1]. The Plaintiff also requests "voluntary discovery" from Defendants; his Motion contains a list of interrogatories, requests for admissions, and requests for production of documents. [Doc. 38 at 2-4].

Attached to the Motion is an "Order the Plaintiff Motion for Extension of Time and Petition to Legally Amend Motion to Compel Discovery…." [Doc. 38-1 at 1]. In this document, the Plaintiff requests an extension of time within which to "resubmit and file a new Motion to Compel Discovery," noting that he has not been mailed a copy of the "Court's Standing Order" and that his mail is being tampered with at his prison. He also reasserts his request for reconsideration of the May 3 Order. [Doc. 38-1 at 1].

The Plaintiff's Motion for Reconsideration will be denied. The Plaintiff has set forth no grounds that would warrant reconsideration of his Motion to Compel. See generally Fed. R. Civ. P. 54(b). First, the Motion appears to be another misdirected discovery request to the Court. Second, the Plaintiff's reference to a "Standing Order" is unavailing in that it is vague and conclusory. To the extent that the Plaintiff means to refer to Standing Order

3:19-mc-00060-FDW that provides for the appointment of North Carolina Prisoner Legal Services to assist prisoner plaintiffs with discovery in certain circumstances, such is irrelevant to Plaintiff's Motion to Compel.[1] The Plaintiff's request for an extension of time to file an Amended Motion to Compel is moot, as discovery is not scheduled to conclude until August 3, 2021. The Plaintiff has adequate time to file such a motion should nonfrivolous grounds to compel discovery arise. Finally, to the extent that the Plaintiff refers to appealing the denial of the Motion to Compel, no relief is available because the Plaintiff has not filed a Notice of Appeal, and moreover, the May 3 Order is not a final appealable interlocutory or collateral order. See generally 28 U.S.C. §§ 1291, 1292; Fed. R. Civ. P. 54(b); see, e.g., Murphy v. Inmate Sys., 112 F. App'x (4th Cir. 2004) (dismissing appeal from the denial of a motion to compel discovery for lack of jurisdiction).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Legally Amend, and Refile, Motion to Compel, Discovery Demand, and Appeal of Order…." is [Doc. 38] **DENIED**.

---

[1] The Court cited the Standing Order in its May 3 Order to explain why the Plaintiff's request for the appointment of counsel was being denied. [See Doc. 36 at 2].

**IT IS SO ORDERED**.

Signed: June 15, 2021

Martin Reidinger
Chief United States District Judge