# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00095-MR

| | |
|---|---|
| **TRACEY TERRELL GRADY,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **B.S., et al.,** | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Letter [Doc. 41] that was docketed as a Motion for Reconsideration.

*Pro se* Plaintiff, who currently is an inmate at the Union County Jail, filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on excessive force and retaliation claims against two Monroe Police Department ("MPD") officers and an MPD sergeant, who have filed an Answer. [Docs. 21, 28]. A Pretrial Scheduling Order has set the discovery cutoff date as August 3, 2021 and the deadline for filing dispositive motions on September 2, 2021. [See Doc. 30].

The Plaintiff previously filed a seriously deficient Motion to Compel Discovery [Doc. 32] that was denied on May 3, 2021, on the grounds that it

misdirected discovery requests to the Court and the Plaintiff had failed to properly serve defense counsel with his discovery requests. [Doc. 36].

Plaintiff sought reconsideration of the Court's May 3 Order, which was denied on June 15, 2021. [Docs. 38, 42]. The Court also denied Plaintiff's request to extend the time to file an Amended Motion to Compel, finding that Plaintiff had adequate time to do so before the discovery deadline expires on August 3, 2021. [Id.].

In the instant Letter, the Plaintiff seeks reconsideration of the Order denying his Motion to Compel Discovery and seeks to re-file his discovery requests. Plaintiff appears to believe that the discovery deadline expired on May 12, 2021. [Doc. 41 at 1]. Plaintiff has attached to the Letter: a form Motion to Compel Discovery that he has neglected to complete with information such as the Defendant(s) against whom it is asserted, the date(s) upon which he served his discovery request(s) on counsel, and the request(s) to which Defendant(s) have allegedly failed to respond [Doc. 41 at 2-3]; interrogatories, requests for production of documents, and requests for admissions [Doc. 41 at 4-9]; and a subpoena for defense counsel "to be heard on discovery denied appeal…." [Doc. 41 at 10].

Plaintiff has again failed to demonstrate any basis for reconsideration of the Order denying the Motion to Compel Discovery.[1]  [See Doc. 42]. Further, the form Motion to Compel Discovery attached to the Letter is severely deficient and cannot support relief.  See generally Fed. R. Civ. P. 7(b) (requiring that a motion state with particularity the grounds for seeking the order and the relief sought).  Plaintiff is, once again, advised that **the discovery deadline does not expire until August 3, 2021**.  [See Doc. 30]. Adequate time remains for Plaintiff to seek discovery in accordance with the applicable rules and procedures, and to file a sufficient motion to compel discovery should the need to do so arise.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Letter [Doc. 41] is construed as a Motion for Reconsideration and Motion to Compel Discovery and is **DENIED**.

**IT IS SO ORDERED**.

Signed: June 21, 2021

Martin Reidinger
Chief United States District Judge

---

[1] The Plaintiff is cautioned that repetitious or frivolous filings may be stricken without further notice to Plaintiff.

3