```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
         CHARLOTTE DIVISION
     CIVIL CASE NO. 3:20-cv-00095-MR
```

| | |
|---|---|
| **TRACEY TERRELL GRADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **B.S., et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion to Compel Discovery [Doc. 45] and Motion for Default Judgment [Doc. 50].

*Pro se* Plaintiff, who currently is an inmate at the Union County Jail, filed this action pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on excessive force and retaliation claims against two Monroe Police Department ("MPD") officers and an MPD sergeant, who have filed an Answer. [Docs. 21, 28]. A Pretrial Order and Case Management Plan has set the discovery cutoff date as August 3, 2021 and the deadline for filing dispositive motions as September 2, 2021. [See Doc. 30].

The Plaintiff previously filed a seriously deficient Motion to Compel Discovery [Doc. 32] that was denied on May 3, 2021 because, *inter alia*, it misdirected discovery requests to the Court and the Plaintiff had failed to

properly serve defense counsel with his discovery requests before seeking to compel discovery. [Doc. 36]. The Plaintiff sought reconsideration of the Court's May 3 Order, which was denied on June 15, 2021, because the Plaintiff set forth no grounds warranting relief. [Docs. 38, 42]. The Plaintiff then filed a Letter that was construed as another Motion for Reconsideration. [Doc. 41]. That Motion was denied on June 21, 2021, because the Plaintiff again failed to establish any basis for relief. [Doc. 46]. The Court advised Plaintiff that the discovery deadline will expire on August 3, 2021; that he may seek discovery in accordance with the applicable rules and procedures; and that he may file a sufficient motion to compel should the need to do so arise. [Id. at 3].

In the instant Motion to Compel, which is dated June 14, 2021 and was docketed on June 17, 2021, the Plaintiff again asks the Court to compel the Defendants to respond to his discovery requests. [Doc. 45 at 7]. He has attached "new" discovery requests to his Motion. [Id. at 2]. In a Letter filed with the Motion, the Plaintiff states that defense counsel told him that the Defendants were unable to comply with his discovery requests because counsel did not know which set of discovery requests to which the Defendants should respond. [Id. at 1]. The Plaintiff appears to assert that defense counsel told the Plaintiff to refile his discovery requests in

2

accordance with the Pretrial Order which, he claims, he never received. [Id.]. The Plaintiff apologizes for the earlier misunderstandings and asks defense counsel to respond to the new discovery requests attached to the Motion to Compel. [Id. at 2].

The Plaintiff's Motion to Compel Discovery is, once again, severely deficient and cannot support relief. See generally Fed. R. Civ. P. 7(b) (requiring that a motion state with particularity the grounds for seeking the order and the relief sought); see also LCvR 26.2 (discovery requests are not to be filed with the Court unless: "(1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Plaintiff is again instructed to seek discovery in accordance with the applicable rules and procedures, and to file a sufficient motion to compel discovery only should the need to do so arise. It is unclear whether the Plaintiff admits that he now has a copy of the Pretrial Order in his possession. [See Doc. 45 at 6 (stating that the new discovery requests comply with the Pretrial Order)]. Another copy of the Pretrial Order will be mailed to Plaintiff as a courtesy in an abundance of caution.

The Plaintiff has also filed a Motion for Default Judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure as a discovery sanction.

[Doc. 50]. The Plaintiff's Motion will be denied because the Plaintiff has failed to demonstrate that any discovery violation occurred or that the Defendants violated a Court order. <u>See generally</u> Fed. R. Civ. P. 37.

The Plaintiff is cautioned that any further improper, frivolous, or repetitive filings related to discovery will be stricken without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel Discovery [Doc. 45] and Motion for Default Judgment [Doc. 50] are **DENIED**. The Plaintiff is cautioned that any further improper, frivolous, or repetitive filings related to discovery will be stricken without further notice.

The Clerk of Court is respectfully instructed to mail the Plaintiff a copy of the Pretrial Order and Case Management Plan [Doc. 30] along with this Order.

**IT IS SO ORDERED**.

Signed: June 30, 2021

Martin Reidinger
Chief United States District Judge