# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00095-MR

| | |
|---|---|
| TRACEY TERRELL GRADY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>B.S., et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion to Compel Discovery [Doc. 52] and Motion to Stay Proceedings [Doc. 53].

The *pro se* Plaintiff, who is a pretrial detainee at the Union County Jail, filed this action pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on excessive force and retaliation claims against two Monroe Police Department ("MPD") officers and an MPD sergeant. [Doc. 21].

The Plaintiff previously filed multiple discovery motions that were seriously deficient and have been denied. [See Docs. 32, 38, 41, 45]. On June 30, 2021, the Court cautioned Plaintiff that "any further improper, frivolous, or repetitive filings related to discovery will be stricken without further notice." [Doc. 51 at 4].

Presently before the Court is a "Motion to [Compel] Discovery with Interrogatories … and Admissions Requested Amended Copy." [Doc. 52]. It is yet another improper, frivolous, and duplicative motion related to discovery, and it will be stricken.

Also pending is a Motion to Stay in which Plaintiff asks the Court to hold this case in abeyance until he is released from the Union County Jail and is able to hire an attorney. [Doc. 53]. He contends that: he was injured on July 6, 2021 and is now disabled;[1] he lacks the resources to proceed while incarcerated; the jail does not have a law library; the Court denied him discovery; and he plans to hire a lawyer upon his release from custody.

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must

---

[1] This pertains to events that allegedly occurred after Plaintiff filed this action and are not part of the pleadings in this matter.

justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

The Plaintiff fails to explain why his present incarceration is preventing him from hiring attorney, or why he expects to be able to afford counsel once he is released. He also fails to provide a date upon which he expects to be released.[2] The Court declines to hold this case in abeyance pending Plaintiff's speculative claim that he will hire a lawyer at some unspecified future date. In short, Plaintiff has failed to demonstrate that clear and convincing circumstances justify a stay, rather than bringing this case to an expeditious resolution.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Discovery [Doc. 52] is **STRICKEN**, and the Plaintiff's Motion to Stay Proceedings [Doc. 53] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 2, 2021

Martin Reidinger
Chief United States District Judge

---

[2] The Plaintiff is a pretrial detainee on offenses including second-degree kidnapping and second-degree forcible rape. See http://sheriff.co.union.nc.us/InmateDetail.aspx?navid=637632557920895000 (last accessed July 30, 2021).