# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00095-MR

| | |
|---|---|
| TRACEY TERRELL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| B.S., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Seal Selected Medical Records [Doc. 62].

There is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d

383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1. When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion. LCvR 6.1.

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C § 1983 in which he asserts claims of excessive force and retaliation. [See Doc. 21]. Defendants have filed a Motion for Summary Judgment that is supported by Exhibit 4 [Doc. 60-5], consisting Plaintiff's medical records which are confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Defendants argue that these records should be made available only to the parties to this action and the Court.

The Court has considered alternatives to sealing and finds that Plaintiff's interest in the privacy of his medical records overrides the public's right to an open court in this case, that there is no alternative that will adequately protect Plaintiff's privacy concerns, and that permanently sealing

the Exhibit at issue is warranted. The Motion will be granted for the reasons set forth in the Motion and the Clerk of Court will be directed to permanently seal Exhibit 4 to Defendants' Motion for Summary Judgment [Doc. 60-5].

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Seal Selected Medical Records [Doc. 62] is **GRANTED**.

The Clerk is respectfully instructed to permanently seal Exhibit 4 to Defendants' Motion for Summary Judgment [Doc. 60-5].

**IT IS SO ORDERED**.

Signed: September 9, 2021

Martin Reidinger
Chief United States District Judge